IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAST ENERGY, INC.<br>1923 Vermont Ave. NW, Washington, DC 20001,<br><br>*Plaintiff,*<br><br>v.<br><br>U.S. DEPARTMENT OF ENERGY<br>1000 Independence Ave. SW, Washington DC 20585,<br><br>*Defendant.* | Case No. 1:25-cv-___ |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### INTRODUCTION

1.  Plaintiff Last Energy, Inc. (Last Energy), brings this civil action against Defendant the U.S. Department of Energy (DOE) for declaratory and injunctive relief under the Freedom of Information Act (FOIA), 5 U.S.C. § 552.

2.  As relevant here, Last Energy, through one of its law firms, submitted six FOIA requests to DOE between March 15 and March 19, 2024, with each request seeking a narrow set of objectively defined records. The requests were demarcated by date (January 1, 2021, to present); by subject (regarding or referring to Last Energy, including one expressly named affiliate); and by government custodian (a list of six specific DOE officials). Exs. 1–6. These requests were received and acknowledged by DOE. Exs. 7–12.

1

3. As explained in more detail below, DOE has failed to comply with FOIA in responding to those requests. DOE has failed to issue timely determinations, failed to conduct adequate searches, and failed to disclose responsive, non-exempt records in accordance with the statute. Last Energy seeks relief from this Court.

## PARTIES

4. Plaintiff Last Energy is a developer of micro modular nuclear power plants headquartered in Washington, D.C.

5. Defendant DOE is a federal agency covered by FOIA and is the recipient of the FOIA requests at issue in this case.

## LEGAL STANDARD

6. FOIA requires federal administrative agencies to promptly make available requested, non-exempt agency records in response to a request that (a) "reasonably describes such records" and (b) "is made in accordance with published rules stating the time, place, fees … and procedures to be followed[.]" 5 U.S.C. § 552(a)(3)(A).

7. FOIA requires federal agencies to respond to a valid request within 20 working days (i.e., exempting Saturdays, Sundays, and legal public holidays) after receipt of such request, including notifying the requestor immediately of its determination, the reasons therefor, and the right to appeal any adverse determination. *Id.* § 552(a)(6)(A)(i).

8. DOE regulations likewise state that a DOE "Authorizing Official" or "FOIA Officer" "will prepare a written response" that either "grant[s] the request,"

"den[ies] the request," "grant[s]/den[ies] it in part," "repl[ies] with a response stating that the request has been referred to another agency under § 1004.4(f) or § 1004.6(e)," or "inform[s] the requester that responsive records cannot be located or do not exist." 10 C.F.R. § 1004.5(b) (capitalization removed). With narrow exceptions, "[a]ction pursuant to [this provision] will be taken within 20 days of a request for DOE records being received." *Id.* § 1004.5(d)(1).

9. In certain circumstances, a federal agency may provide notice to the requester that "unusual circumstances" merit additional time—up to an additional 10 working days—to respond to the request. 5 U.S.C. § 552(a)(6)(B)(i)–(ii); *see also* 10 C.F.R. § 1004.5(d)(1)–(3). "Unusual circumstances" include "the need to search for and collect the requested records from field facilities," "the need to search for, collect, and … examine a voluminous amount of … records," and "the need for consultation … with another agency" or "among two or more components of the agency" "having a substantial interest" in the determination of the request. 5 U.S.C. § 552(a)(6)(B)(iii). Under DOE regulations, "[i]f … the person requesting records is promptly informed in writing by the Authorizing Official or FOIA Officer of the reasons for such extension and the date on which a determination is expected to be dispatched, then the Authorizing Official or FOIA Officer may take an extension not to exceed ten days." 10 C.F.R. § 1004.5(d)(1)(iii).

10. If an agency provides notice to the requester of "unusual circumstances" and is unable to respond to the request within the statutory deadline, the agency

must provide the requester "an opportunity to arrange with the agency an alternative time frame for processing the request." 5 U.S.C. § 552(a)(6)(B)(ii).

11. If the federal agency does not respond to a FOIA request by the statutory or regulatory deadlines, the requester is deemed to have exhausted administrative remedies and may immediately pursue judicial review. 5 U.S.C. § 552(a)(6)(C)(i).

12. An agency is generally prohibited from "assess[ing] any search fees … if the agency has failed to comply with" the statutory deadlines. *Id.* § 552(a)(4)(A)(viii)(I).

## JURISDICTION AND VENUE

13. The Court has subject matter jurisdiction over this action and personal jurisdiction over DOE under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201.

14. Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1) because an agency of the United States is a Defendant, and this Court has jurisdiction over FOIA claims regardless of the plaintiff's residence.

## FACTUAL BACKGROUND

15. On March 15, 2024, Last Energy submitted two FOIA requests to DOE, requesting all documents and communications to, from, or including Kathryn Huff (Assistant Secretary for Nuclear Energy) or Aleshia Duncan (Deputy Assistant Secretary for International Nuclear Energy Policy and Cooperation) "regarding, referring or relating to Last Energy Inc." and its affiliates between January 1, 2021, and the date of the requests. Exs. 1–2.

16.     On March 19, 2024, Last Energy submitted four additional FOIA requests, seeking all documents and communications to, from, or including Alice Caponiti (Deputy Assistant Secretary for Reactor Fleet and Advanced Reactor Deployment), Jac Goodman (Senior Advisor in the Office of Nuclear Energy), Paul Tumminia (Senior Advisor in the Office of International Affairs), or Robert Rudich (DOE Attaché at the U.S. Embassy in Poland) "regarding, referring or relating to Last Energy Inc." and its affiliates between January 1, 2021, and the date of the requests. Exs. 3–6.

17.     Between March 18 and March 21, 2024, the DOE sent Last Energy written acknowledgments that each of the six requests was "received in this office." Exs. 7–12. DOE stipulated that it was "reviewing [the] letter[s] to determine if [they] address[] all of the criteria of a proper request under … FOIA" and corresponding DOE regulations. *Id.* DOE wrote that it would "send … a subsequent letter" if it "need[ed] additional information." *Id.*

18.     On April 5, 2024, Last Energy received a notice from DOE's National Nuclear Security Administration (NNSA) that "the Department of Energy transferred your request(s) to this office on Apil [*sic*] 1, 2024." Ex. 13. The only relevant FOIA request transferred to the NNSA was the request related to Mr. Rudich. *Id.* That same message informed Last Energy, through its attorney, that the NNSA may not be "able to provide a response in 20 working days" and that it would likewise notify Last Energy if the costs incurred exceeded the maximum that it had stipulated it was willing to pay. *Id.*

19. To date, DOE has not provided any responsive records, nor explained that responsive records have been or will be withheld, nor informed Last Energy with a written response that "grant[s] the request," "den[ies] the request," "grant[s]/den[ies] it in part," or "stat[es] that the request has been referred to another agency." 10 C.F.R. § 1004.5(b)(1)–(4) (capitalization removed). DOE has likewise failed to provide Last Energy with a written notice that "[i]nform[s] the requester that responsive records cannot be located or do not exist" and "notif[ies] the requester of the right to seek dispute resolution services." *Id.* § 1004.5(b)(5).

## CLAIMS FOR RELIEF

## COUNT ONE

### (Failure to Comply with Statutory Deadlines in Violation of FOIA)

20. The allegations in paragraphs 1–19 are expressly incorporated herein as if restated in full.

21. By statute, agencies must provide a final determination of those records that will be released or withheld within 20 working days of a FOIA request. 5 U.S.C. § 552(a)(6)(A)(i). DOE regulations require the same. 10 C.F.R. § 1004.5(d)(1). An agency may extend this period in the event of specified "unusual circumstances" for a maximum of 10 working days, but must provide notice of doing so. *See* 5 U.S.C. § 552(a)(6)(B); 10 C.F.R. § 1004.5(d)(1)–(3).

22. To date, DOE has not responded to the FOIA requests identified above. DOE did not provide a final determination within 20 working days of receiving the FOIA request as required by statute. 5 U.S.C. §§ 552(a)(3)(A), 552(a)(6)(A)(i). Nor has DOE formally notified Last Energy that unusual circumstances exist warranting a

10-day extension. *Id.* § 552(a)(6)(B). Even if DOE had done so, far more than 30 business days have since passed since the requests were sent, received, and acknowledged.

23. DOE has thus failed to timely make a determination on any of the six FOIA requests, in violation of FOIA. *See Id.* § 552(a)(6).

24. All administrative remedies required by FOIA have been constructively exhausted. *See Id.* § 552(a)(6)(C)(i).

## COUNT TWO

### (Unlawful Withholding of Agency Records in Violation of FOIA)

25. The allegations in paragraphs 1–19 are expressly incorporated herein as if restated in full.

26. FOIA requires an agency to process records requests and promptly provide the requested records or the reasonably segregable portion of records not subject to a FOIA exemption. 5 U.S.C. § 552(a)(3)(A)–(C).

27. DOE has neither provided Last Energy any responsive documents in response to its requests, nor claimed that any responsive records are exempt from disclosure.

28. Therefore, DOE's failure to produce requested records or claim applicable exemptions violates FOIA. *Id.* § 552(a)(3)(A)–(C).

29. All administrative remedies required by FOIA have been constructively exhausted. *See id.* § 552(a)(6)(C)(i).

## COUNT THREE

### Declaratory Judgment

30. The allegations in paragraphs 1–19 are expressly incorporated herein as if restated in full.

31. For the same reasons described in each of the previous counts, Last Energy is entitled to a declaratory judgment that DOE has been and is violating the law.

### PRAYER FOR RELIEF

Last Energy respectfully requests that the Court:

A. Declare that DOE failed to timely make a determination on Last Energy's requests, in violation of FOIA, 5 U.S.C. § 552(a)(6)(A)(i);

B. Declare that DOE failed to promptly provide records responsive to Last Energy's requests, in violation of FOIA, 5 U.S.C. § 552(a)(3);

C. Order DOE to immediately conduct a reasonable search for all records responsive to the requests, as required by FOIA, 5 U.S.C. § 552(a)(3)(C);

D. Order DOE to immediately provide a determination on Last Energy's requests, as required by FOIA, 5 U.S.C. § 552(a)(6)(A)(i);

E. Order DOE to immediately and expeditiously provide Last Energy with all responsive, non-exempt records, as required by FOIA, 5 U.S.C. § 552(a)(3);

F. Award reasonable costs and attorney's fees as provided in 5 U.S.C. § 552(a)(4)(E) and 28 U.S.C. § 2412(d) and any other applicable provision; and

G.   Grant Last Energy such other and further relief to which it is justly entitled at law and in equity.

Dated: February 13, 2025

/s/ R. Trent McCotter
R. Trent McCotter
DC Bar # 1011329
BOYDEN GRAY PLLC
800 Connecticut Ave. NW, Suite 900
Washington, DC 20006
tmccotter@boydengray.com
202-706-5488